**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TYRELL BANKS<br>1524 Clairidge Road<br>Baltimore, Maryland 21207 | *<br><br>* | |
| *Plaintiff,* | * | Case No.: _____ |
| v. | * | |
| FEDEX GROUND PACKAGE<br>SYSTEM, INC.<br>410 Rouser Road<br>P.O. Box 108<br>Pittsburgh, PA 15230 | *<br><br>*<br><br>* | |
| *Serve on:* Resident Agent<br>The Corporation Trust Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | *<br><br>*<br>* | |
| *And* | * | |
| JAMES DUNTON<br>4300 Kolb Avenue<br>Baltimore, Maryland 21206 | *<br>*<br>* | |
| *Defendants.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**COMPLAINT & JURY DEMAND**

Plaintiff Tyrell Banks ("Mr. Banks" or "Plaintiff"), by and through his attorneys, David C.M. Ledyard and Ledyard Law LLC, hereby brings this action against Defendants Fedex Ground Package System, Inc. ("Defendant Fedex") and James Dunton and alleges:

NATURE OF THE ACTION

1. The Plaintiff brings this civil action against Defendant Fedex seeking damages and/or other legal relief for Defendant Fedex's violations of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, against Defendant James Dunton seeking damages and/or other legal relief for James Dunton's violations of 42 U.S.C. § 1981.

## THE PARTIES

2. Plaintiff Tyrell Banks is and was at all times relevant a citizen of Baltimore County, Maryland.

3. Fedex Ground Package System, Inc., is a foreign corporation organized and existing under the laws of the state of Delaware.

4. Upon information and belief, Defendant James Dunton is a citizen of Baltimore County, Maryland. At all times relevant, Defendant James Dunton was the supervisor/manager for Plaintiff and worked for Defendant Fedex.

## JURISDICTION & VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, § 1332, § 1343(a)(4), and/or § 1367 and 42 U.S.C. § 2000e-5.

6. The Title VII causes of action stated herein is authorized by 42 U.S.C. § 2000e. Section 1981a(c) authorizes a jury trial for the Plaintiff's Title VII claims.

7. The 42 U.S.C. § 1981 causes of action stated herein is authorized by that statute. The Plaintiff is entitled to a jury trial on his § 1981 claims.

8. Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

9. On or about August 5, 2020, the Plaintiff timely filed a charge with the EEOC (Charge No. 531-2020-02909) alleging race discrimination, racially hostile work environment and

retaliation against Defendant Fedex. The EEOC issued a "right to sue" letter to the Plaintiff relating to this claim on November 14, 2022.

10. Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions otherwise to properly file and pursue his civil action. This civil action is lawfully filed in this Court. All conditions precedent have occurred or been performed.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff began his employment for Defendant Fedex in May of 2019 as a delivery driver.

12. During his employment with Defendant Fedex, the Plaintiff always performed his job duties in a competent manner and met Defendant Fedex's reasonable expectations.

13. During his employment, the Plaintiff has been discriminated against due to his race (African-American) from March 15, 2020 through his termination on May 6, 2020 by Defendant James Dunton as well as other servants, agents, and/or employees of Defendant Fedex.

14. In addition, Defendants, including Defendant James Dunton, retaliated against Plaintiff by terminating Plaintiff's employment because of Plaintiff's race (African-American) shortly after Plaintiff made an internal complaint about racial discrimination.

15. The discrimination against Plaintiff based on his race began on March 15, 2020.

16. On March 15, 2020, employees of Fedex, under the supervision of Defendant James Dunton, loaded a television onto Plaintiff's truck that was not supposed to be there.

17. The television went missing and Defendants, including Defendant James Dunton, accused Plaintiff of being the "mastermind" behind the disappearance and because of his race called him a "thug" in front of multiple individuals.

18. The Plaintiff has no control over the items that were loaded onto his truck.

19. The Plaintiff had no knowledge that the television was loaded onto his truck and the incident was captured on film showing an employee other than Plaintiff loading the television on Plaintiff's truck.

20. Defendants, including Defendant James Dunton, had multiple other packages placed onto Plaintiff's truck that did not belong and attempted to frame Plaintiff for theft.

21. On or about April 20, 2020, Plaintiff's ID badge was "temporarily" deactivated based on Plaintiff's race and/or color which was tantamount to a de facto termination and/or suspension without pay.

22. Similarly situated truck drivers, who were non-African-American, were allowed to continue working and were not denied work opportunities like the Plaintiff.

23. Upon information and belief, similarly situated truck drivers, who are African-American, have had similar acts of racial discrimination performed by Defendants against them.

24. The explanation for the deactivation was expired driver's license which was another patently false allegation.

25. Plaintiff confirmed with Defendants that his driver's license has never been expired.

26. Defendants then notified Plaintiff that the deactivation was due to the allegations of theft.

27. On or about May 6, 2020, Defendants perminately deactivated Plaintiff's ID badge which was a de facto termination.

28. As a result of being denied the ability to continue working for Defendant Fedex (without viable explanation), Plaintiff made an internal complaint with his immediate supervisor.

29. As a part of Plaintiff's complaint, the Plaintiff indicated that he believed he was being discriminated against due to his race (African-American).

30. Upon information and belief, following the report of racial discrimination, Defendants, including Defendant James Dunton, drafted falsified reports demonstrating "poor work performance" during Plaintiff's employment with Fedex.

31. Plaintiff was never disciplined or otherwise informed by Defendants during the course of his employment that there were any issues with his work performance at any time prior to his termination.

32. In fact, the first time Plaintiff learned that (i) he was being accused of poor work performance and, (ii) that Defendants were continuing to accuse him of engaging in theft, was not until after April 2020 —following his internally complained of race discrimination.

33. At all times relevant, Plaintiff denies the false allegations that his work performance was poor, and/or that he stole items during the course of his employment with Defendant Fedex.

34. The false allegations/justifications provided by Defendants to legitimize Plaintiff's termination are pretexts for Defendants' true motivation for terminating the Plaintiff's employment: to discriminate against the Plaintiff due to his race (African-American), and/or to retaliate against the Plaintiff for engaging in protected activity *i.e.,* filing internal complaints of race discrimination within the company.

35. Despite being aware of the constant discrimination/retaliation Defendants failed to take any action to stop the discrimination/retaliation.

36. The Plaintiff has been unlawfully discriminated against due to his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, as amended.

37. The Plaintiff has been unlawfully retaliated against (*i.e.* terminated) for lodging a complaint of racial discrimination against his direct supervisors.

## COUNT I
### (Violation of Title VII – Racial Discrimination)
### (Against Defendants)

38. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

39. At all relevant times, Plaintiff was an "employee" of the Defendant under 42 U.S.C. § 2000e(f).

40. At all relevant times, Defendant Fedex was an "employer" of the Plaintiff under 42 U.S.C. § 2000e(b).

41. Under 2000e-2(a), "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42. Plaintiff suffered intentional discrimination because of his race in violation of 42 U.S.C. § 2000e-2(a)(1) and (2).

43. The Plaintiff suffered adverse employment actions because of his race, including deactivation of his ID Badge, having his wages/hours cut, being denied the opportunity for continued work by Defendants, and being terminated on May 6, 2020.

44. Similarly situated truck drivers, who were non-African-American, were allowed to continue working and were not denied work opportunities like the Plaintiff establishing inferences of discriminatory intent toward the Plaintiff. Alternatively, the Plaintiff, who is African-American, was treated differently than other similarly situated truck drivers, who were Caucasian and/or Hispanic and performed functions similar to those performed by the Plaintiff.

45. Plaintiff was discriminated against with respect to the terms and conditions of his employment with Defendant Fedex as a direct result of his race.

46. But for the Plaintiff's race (African-American) the Plaintiff would not have been discriminated against and would not have suffered adverse employment actions.

47. As a direct and proximate result of Defendant Fedex's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

**COUNT II**
**(Violation of Title VII - Retaliation)**
**(Against Defendant Fedex)**

48. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

49. Under 2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

50. Plaintiff suffered intentional retaliatory discrimination because of his race in violation of 42 U.S.C. § 2000e-3(a).

51. The retaliatory discrimination was performed directly by Defendant James Dunton or by others acting under their direction.

52. But for the Plaintiff's race (African-American), and but for the Plaintiff engaging in protected activity (internally reporting race discrimination to his Employer), the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including his termination.

53. As a direct and proximate result of Defendant Fedex's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

### COUNT III
### (Violation of 42 U.S.C. § 1981 – Discrimination)
### (Against Defendant Fedex)

54. The Plaintiff incorporates the preceding allegations as if set forth herein.

55. The Plaintiff suffered intentional discrimination by Defendant Fedex because of the Plaintiff's race.

56. The discriminatory acts committed by Defendant, including through its agents, servants, and employees violate Section 1981.

57. But for the Plaintiff's race (African-American), the Plaintiff would not have been discriminated against by Defendant Fedex, and would not have suffered adverse employment actions (including termination).

58. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

### COUNT IV
### (Violation of 42 U.S.C. § 1981 – Retaliation)
### (Against Defendant Fedex)

59. The Plaintiff incorporated the preceding allegations as if set forth fully herein.

60. Plaintiff suffered retaliation by the Defendant Fedex because of his race and/or because the Plaintiff opposed, made complaints about, and pursued remedies for racial discrimination, including submitting internal complaints of racial discrimination.

61. The discriminatory/retaliatory acts by Defendant Fedex, including through its agents, servants, and employees violate Section 1981.

62. But for the Plaintiff's race (African-American), and but for the Plaintiff engaging in protected activity (internally reporting race discrimination to his Employer), the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including his termination.

## COUNT V
### (Violation of 42 U.S.C. § 1981 – Retaliation)
### (Against Defendant James Dunton)

63. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

64. Plaintiff suffered retaliation by Defendant James Dunton because of his race and/or because the Plaintiff opposed, made complaints about, and pursued remedies for racial discrimination, including submitting internal complaints of racial discrimination.

65. The discriminatory/retaliatory acts by Defendant James Dunton, and others acting under her direction, violate Section 1981.

66. But for the Plaintiff's race (African-American), and but for the Plaintiff engaging in protected activity (internally reporting race discrimination to his Employer), the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including his termination.

67. As a direct and proximate result of Defendant James Dunton's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

WHEREFORE, Plaintiff Tyrell Banks hereby demands judgment against Defendants Fedex and James Dunton for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation denied or lost (or any actual monetary losses sustained by the employee as a direct result of the violation(s) complained of herein), as well as non-economic damages, in an amount to be proven and determined at trial; punitive (or exemplary) damages as allowed by law; reinstatement (and/or front pay in lieu of reinstatement in an amount to be proven and determined at trial); interest as allowed by law; for such legal and/or equitable relief as may be appropriate, including back pay, full restoration of benefits, and/or promotion; an award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the action; and such other and further relief as the nature of Plaintiff's cause requires.

        Respectfully Submitted,

        **LEDYARD LAW LLC**

    By: */s/ David C.M. Ledyard*
        David C.M. Ledyard
        Federal Bar No.: 29198
        36 South Charles Street, Suite 901
        Baltimore, Maryland 21201
        Phone:  (410) 807-8077
        Fax:     (410) 807-8076
        david@ledyardlaw.com
        *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

The Plaintiff requests a trial by jury on all issues raised herein.

>*/s/ David C.M. Ledyard*
>David C.M. Ledyard